1   .

2

3

4

5

6                       IN THE UNITED STATES DISTRICT COURT

7

8                       FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10  JEFFERY PERENON and CHERYL ANN
    PERENON, husband and wife,

11                                                      No. C 10-01504 WHA
                 Plaintiffs,

12
        v.
13
    PAUL FINANCIAL, LLC., a Delaware limited
14  liability company, GMAC MORTGAGE, LLC,          **ORDER GRANTING IN**
    a Delaware limited liability company, RBS       **PART AND DENYING**
15  FINANCIAL PRODUCTS INC., a Delaware             **IN PART MOTIONS TO**
    corporation, HARTFORD MORTGAGE               **DISMISS AND DENYING**
16  SERVICES INC., a California corporation,        **MOTION TO STRIKE**
    NOELLE KOZAK, an individual, and DOES 1
17  to 100, inclusive,

18               Defendants.
                                              /
19

20                           **INTRODUCTION**

21         Arising out of the mortgage crisis, this action alleges seven claims under both federal and

22  state law.  For the reasons set forth below, defendants' motions to dismiss are **GRANTED IN PART**

23  and **DENIED IN PART**.  The motion to strike is **DENIED**.

24                            **STATEMENT**

25         Plaintiffs Jeffery and Cheryl Ann Perenon commenced this action against five defendants

26  relating to the mortgage and refinancing of their home in July of 2007.  They were solicited by

27  Noelle Kozak an agent of Hartford Mortgage Services, Inc.  Kozak convinced plaintiffs that the

28  loan would result in a reduction in their monthly mortgage payments and that, through an

**United States District Court**
For the Northern District of California

investment with Hartford, they could even turn a profit.  Plaintiffs relied on this information and refinanced their home loan with defendant Paul Financial, according to terms set out by Hartford, the broker in the deal.  Plaintiffs claim that they were defrauded by defendants because they were eligible for a lower interest rate loan when they applied but were not so advised, and because defendants misrepresented the upside of the transaction.

Plaintiffs also allege that they only received one copy of a notice of right to cancel upon the completion of the transaction in violation of TILA requirements.  At some point after the completion of the refinancing, defendants GMAC Mortgage, LLC, and RBS Financial Products Inc. became assignees of the note.  On January 19, 2010, after the economy and plaintiffs' home value plummeted, plaintiffs attempted to rescind their home loan by sending notices of rescission to defendants.  In a letter dated February 5, 2010, GMAC refused to recognize plaintiffs' rescission.  Defendant RBS never responded.

Plaintiffs subsequently filed one suit against all five defendants in state court in Alameda County.  GMAC and RBS each filed separate notices of removal.  These separate notices of removal resulted in two separate actions in this court which were then related and consolidated. GMAC and RBS now move to dismiss the first amended complaint.  GMAC moves to strike paragraph 71 and claim six from the plaintiffs' first amended complaint.

**ANALYSIS**

Specifically, the complaint asserts the following claims:  (1) rescission of the refinancing deal under TILA and C.F.R.; (2) violations of TILA; (3) fraud in the form of misrepresentation and deceit; (4) negligent misrepresentation; (5) concealment; (6) breach of fiduciary duty; and (7) unfair competition in violation of Cal. Bus. & Prof. Code 17200 *et seq.*

**1.    STANDARD OF REVIEW.**

To survive a motion to dismiss for failure to state a claim, a pleading must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Rule 12(b)(6); *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009).  A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that defendants are liable for misconduct alleged.  While a court "must take all of the factual

United States District Court

For the Northern District of California

1    allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched

2    as a factual allegation." *Id*. at 1949-50.

3         Allegations sounding in fraud are subject to higher pleading standards.  Under Rule 9(b),

4    such allegations must be pled with particularity, such that specific facts including the time, place,

5    parties to and specific content of the false representations.  Where multiple defendants are

6    involved, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together

7    but require[s] plaintiffs to differentiate their allegations . . . and inform each defendant separately

8    of the allegations surrounding his alleged participation in the fraud."  *Swartz v. KPMG LLP*,

9    476 F.3d 756, 764–66 (9th Cir. 2007).  With these legal standards set forth, this order turns to

10   the seven claims in the complaint.

11        **2.    RESCISSION AND VIOLATIONS OF TILA.**

12        Plaintiffs assert federal claims for rescission and for statutory damages under TILA.

13   TILA is a consumer protection statute that seeks to "avoid the uninformed use of credit."

14   15 U.S.C. 1601(a).  Because the statute is remedial in nature, it is to be applied broadly in favor

15   of the consumer.  *Jackson v. Grant*, 890 F.2d 118, 120 (9th Cir. 1989).  Thus, even "[t]echnical

16   or minor violations" of TILA or its implementing regulations may impose liability on the

17   creditor.  *Semar v. Platte Valley Fed. Sav. & Loan Ass'n*, 791 F.2d 699, 704 (9th Cir. 1986)

18   (noting also that "[t]o insure that the consumer is protected. . . [TILA and its implementing

19   regulations must] be absolutely complied with and strictly enforced").  Defendants seek

20   dismissal of plaintiffs' TILA and statutory damage claims.

21        Under 15 U.S.C. 1641(e)(1)(A), an assignee is only held liable for those violations

22   apparent on the face of the disclosure statement.  GMAC and RBS are assignees of the loan.

23   The original lenders did fail to disclose two copies of the borrower's right to cancel.  This defect,

24   however, is not apparent on the face of the document.  Thus, GMAC and RBS as assignees

25   would not have been responsible for this violation.  Ordinarily, to fail to give two notices as

26   opposed to one would be deemed to be an insubstantial variance and unworthy of draconian

27   remedies.  Nonetheless, the Ninth Circuit has construed TILA to allow such draconian remedies

28   for failure to give the appropriate statutory notices.  "TILA's 'buyer's remorse' provision allows

3

borrowers three business days to rescind, without penalty, a consumer loan that uses their principal dwelling as security.  15 U.S.C. § 1635(a) . . .  If the lending institution omits the expiration date and fails to cure the omission by subsequently providing the information, the borrower may rescind the loan within three years after it was consummated.  15 U.S.C. § 1635(f)." *Semar*, 791 F.2d at 701.  Although *Semar* didn't involve issues of one versus two notices, it did involve a comparatively insubstantial omission.  This order assumes that the Ninth Circuit would extend their reasoning to the present suit, at least for Rule 12 purposes. In connection, at least one treatise, has concluded similarly:  "The right to rescind can extend for up to three years after the consummation if the creditor failed to provide the material disclosures and the notice of rescission rights at the proper time and in the proper manner. All persons entitled to rescind under Regulation Z must receive two copies of the rescission notice . . .  TILA is a strict liability statute and courts do not have the authority to create exceptions . . . ."  ELIZABETH RENUART & KATHLEEN KEEST, TRUTH IN LENDING 414 (National Consumer Law Center, Inc., 6th ed. 2007).

The violation of TILA which is alleged against RBS and GMAC does not arise from the formation of the contract.  Instead, it arises from RBS and GMAC's refusal to recognize plaintiffs' attempt at rescission.  The failure of the assignors to disclose two copies of the notice of right to cancel to plaintiffs extended the time period in which plaintiffs could rescind from three days to three years.  15 U.S.C. 1635(f).  Under 15 U.S.C. 1641(c), "any consumer who has the right to rescind a transaction under section 1635 of this title may rescind the transaction against any assignee of the obligation."  When RBS and GMAC, as assignees, acquired the obligations of the loan, they also acquired the obligation to respect plaintiffs' statutory rights under TILA.  Plaintiffs took out the loan in July of 2007.  Plaintiffs provided notice of rescission to defendants on January 19, 2010, before the three-year statute of limitations had run.  Under TILA regulations, GMAC and RBS then had twenty days to refund any of the plaintiffs' money or property that they obtained in connection with the transaction. When GMAC chose not to recognize plaintiffs' rescission and RBS failed to respond to plaintiffs' notice of rescission, they each violated TILA's statutory requirements.  At this motion

United States District Court

For the Northern District of California

1    to dismiss stage, this order holds that plaintiffs have stated viable claims against defendants that

2    they violated TILA when they did not respond or did not recognize their attempt at rescission.

3          Plaintiffs have also claimed statutory damages and attorney's fees because defendants did

4    not comply with the rescission notice within twenty days.  TILA 15 U.S.C. 1640(a)(3) provides

5    that, "in the case of any successful action to enforce the foregoing liability or in any action in

6    which a person is determined to have a right of rescission under section 1635 or 1638(e)(7) of

7    this title, the costs of the action together with a reasonable attorney's fees as determined by the

8    court [will be granted]."  There is a one-year statute of limitations for damages claims under

9    TILA, and the statute only begins to run the day the violation occurred.  The statutory period

10   began on February 8, 2010, twenty days after RBS and GMAC received valid notices of

11   rescission and did not respond properly.  This suit was brought within one year of this date, and

12   therefore, the statutory damages are not barred by any statute of limitations.

13         Defendants also contend that the rescission was not proper because plaintiffs have failed

14   to tender back the loan proceeds as required by 15 U.S.C. 1635(b) ("upon the performance of the

15   creditor's obligations under this section, the obligor shall tender the property to the creditor . .

16   .").  Courts have the discretion to alter the order of the rescission process if they doubt the ability

17   of the borrower to tender the property.  *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1170

18   (9th Cir. 2003).

19         Assessing the larger perspective of this civil action, it seems plain that defendants would

20   be willing to take their money back and unwind the transaction.  While plaintiffs purport to seek

21   such a rescission and purport to be ready to repay the unpaid balance, defendants doubt whether

22   they can or will do so.  Plaintiffs' argument that they no longer have any obligation to tender

23   because of GMAC and RBS's violations is unconvincing.  The parties are ordered to meet and

24   confer in person to try and settle this case based on complete rescission and to report to the Court

25   no later than **NOON ON JULY 16, 2010**, whether this has occurred.  If this fails, and if defendants

26   then file a written stipulation to unwind the transaction upon full repayment, the court may well

27   order such relief, and if plaintiffs fail to repay the loan in full, dismiss the TILA claim.

28         For now, defendants' motions to dismiss are **DENIED**.

5

**United States District Court**
For the Northern District of California

### 3.  FRAUD.

Plaintiffs' third claim is for fraud.  To succeed on a fraud claim, the elements plaintiffs must show are:  "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, *i.e.*, to induce reliance; (d) justifiable reliance; and (e) resulting damage."  *Small v. Fritz Cos. Inc.*, 30 Cal. 4th 167, 173 (2003). Rule 9(b) requires plaintiffs to "state with particularity the circumstances constituting fraud or mistake."  Under Rule 9(b), a pleading is sufficient if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations. While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient.  *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).  Defendants contend  that plaintiffs have not met the particularity requirements of Rule 9(b).  This order agrees.

Plaintiffs' allegations of fraud were not directed at individual defendants, but rather at all five defendants as a group.  This is insufficient to meet the heightened pleading threshold of Rule 9(b).  *Moore v. Kayport Package Express*, 885 F.2d 531, 540 (9th Cir. 1989) (holding that Rule 9(b) requires a plaintiff to attribute particular fraudulent statements or acts to individual defendants).  Specifically, the claims do not identify how RBS and GMAC, assignees of the transaction, are responsible for the fraudulent activity during the formation of the contract. The lack of specificity relating to their involvement fails to meet the heightened pleading standard of Rule 9(b).

As such, plaintiffs' claim for fraudulent misrepresentation must be **DISMISSED**.

### 4.  NEGLIGENT MISREPRESENTATION AND CONCEALMENT.

One of the elements of proving a concealment claim is the showing that the defendants must have concealed or suppressed a material fact with the intent to defraud the plaintiffs. *Lovejoy v. AT&T Corp.*, 119 Cal. App. 4th 151, 157 (2004).  "The elements of negligent misrepresentation are (1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage."

1  *Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 243 (2d Dist.

2  2007).  These claims are both based in fraud, and thus, are subject to the heightened pleading

3  standard of Rule 9(b).  The generalized claims and the grouping of all defendants as one are

4  insufficient to meet the heightened pleading standard.  Plaintiffs' claims include GMAC and

5  RBS who are assignees and were not party to the original transaction.  This means that they were

6  not party to the transaction when these allegations occurred and it is unclear from the complaint

7  how they are responsible for the fraudulent activity.  The lack of specificity in the plaintiffs'

8  claims are not sufficient under Rule 9(b).

9       As such, plaintiffs' claims for concealment and negligent misrepresentation must be

10  **DISMISSED**.

11       **5.     UNFAIR COMPETITION UNDER SECTION 17200, *ET SEQ.***

12       Persons authorized to bring claims under this code section are "those who have suffered

13  injury in fact and lost money or property as a result of unfair competition."  Cal. Bus. & Prof.

14  Code 17204.  Claims grounded in fraud — including those alleged under Section 17200 — must

15  be pled with particularity under Rule 9(b).  *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125

16  (9th Cir. 2009) ("We have specifically ruled that Rule 9(b)'s heightened pleading standards

17  apply to claims for violations of the . . . UCL").

18       The complaint alleged that defendants engaged in fraudulent business practices.

19  Plaintiffs claim that defendants' misleading statements caused them to lose money and property.

20  Plaintiffs have not made any additional allegations or provided more detail.  Since plaintiffs'

21  unfair competition allegations appear to be solely based upon defendants' allegedly false

22  representations concerning the details of the transaction, Rule 9(b) applies to the claim.

23  Applying the heightened pleading standard, the complaint failed to allege sufficient facts as to

24  "the who, what, when, where, and how" relating to the misconduct.  *Id*. at 1126.  For example, it

25  is unclear which misrepresentations qualify as unfair competition, who made those

26  misrepresentations, and how each of the defendants are liable for those statements.

27       As such, plaintiffs' claim under California unfair competition law is **DISMISSED**.

28

**6.    DEFENDANT GMAC'S MOTION TO STRIKE.**

GMAC moves to strike the sixth claim for breach of fiduciary duty.  Plaintiffs have not even alleged the sixth claim against GMAC.  This order holds that the motion to strike claim six is **DENIED.**  Their motion to strike paragraph 71 is unnecessary because it relates to the third claim of fraud, which has been dismissed.  GMAC's motion to strike paragraph 71 is **MOOT**.

**CONCLUSION**

For all of the above-stated reasons, defendants' motions to dismiss are **GRANTED IN PART AND DENIED IN PART**.  This order holds that plaintiffs' claims for rescission and damages under TILA are valid and pled sufficiently.  Therefore, the motions to dismiss these claims are **DENIED**.  The parties are ordered to meet and confer in person to try to achieve rescission and to report to the Court no later that **JULY 16, 2010, AT NOON**.  Plaintiffs' claims for fraud, concealment, negligent misrepresentation and unfair competition are not pled sufficiently to meet the heightened threshold of Rule 9(b).  The motions to dismiss these claims are **GRANTED WITH LEAVE TO AMEND**.  Plaintiffs can move within **FOURTEEN CALENDAR DAYS** for leave to amend.  Any such motion should be accompanied by a proposed pleading.  The motion should explain why the lack of specificity in the claims subject to the heightened pleading standard of the first amended complaint has been overcome by the proposed pleading.

**IT IS SO ORDERED.**

Dated:  June 24, 2010.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

8